WATKINS, Judge.
This is an action brought by Mrs. Constance A. Otto against her uninsured motorist insurer, State Farm Mutual Automobile Insurance Company, to recover for personal injuries sustained when the 1975 Toyota automobile she was driving was allegedly struck from the rear and pushed into the opposite lane of traffic where she struck a 1975 International tractor trailer that was traveling toward her. Mrs. Otto’s car collided with the left or driver’s side of the tractor trailer. It was stipulated that in the event of her recovery against State Farm, her personal injuries exceeded the uninsured motorist limits of $100,000/$300,-000. There is no contention that the truck driver, Lipton J. Rivet, was negligent in any way. The trial court concluded that Mrs. Otto had failed to carry the burden of proving a known or unknown driver had struck her from the rear, and rendered judgment for State Farm, dismissing Mrs. Otto’s suit with prejudice. We do not find the trial court’s determination manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Mrs. Otto’s testimony is that she was proceeding in a westerly direction on U.S. 190, a two-lane highway, in St. Tammany Parish when she was tapped from the rear by a motor van or motor car. There were several vehicles ahead of her Toyota, and the line of vehicles had suddenly slowed down, causing the Toyota to receive the tap. After several seconds, the vehicle to the rear tapped her Toyota again, and pushed it into the eastbound lane of traffic. Mrs. Otto testified at this point she lost consciousness.
The truck driver, Rivet, testified by deposition that Mrs. Otto veered into the eastbound lane, in which he was traveling, as if attempting to pass a van and recreational vehicle ahead of her. It appeared to be obvious that there was not time to complete the passing maneuver. Rivet cut the truck sharply to the right and onto the shoulder, but the car struck the truck on the driver’s side, the force of the collision spinning the car around and causing severe damage to the front section of the car. Paul Polos, a passenger in the truck, likewise testified that Mrs. Otto attempted to pass when there was not sufficient time, and struck the truck on the driver’s side of the truck. Both Polos and Rivet agree that Mrs. Otto had her head down on the steering wheel immediately before the collision took place.
After Mrs. Otto’s ear collided with the truck, she was found to be semi-conscious, and had to be extricated from the Toyota. She was taken by ambulance to Slidell General Hospital, where she was placed in intensive care. A tracheotomy was performed on her, and the placement of a tube in her throat as well as her semi-comatose condition caused her to be unable to speak for approximately seven weeks. When she was able to speak, she described the accident as she described it in her testimony.
If indeed an unknown driver struck Mrs. Otto’s Toyota, it is stipulated that she is entitled to recover from State Farm under her uninsured motorist policy. However, we agree with the trial court that she failed to prove she was struck from the rear.
First, there were only minor dents in the rear of Mrs. Otto’s car, as the photographs taken immediately after the accident and introduced in evidence at the trial clearly demonstrate. There were already a few minor dents in the car before the accident, as Mrs. Otto’s son and daughter-in-law, Frank Moore and Barbara Moore, admitted. The car was spun around when the collision with the truck occurred, and the additional dents, which were still rather minor compared to the damage to the front, could have been caused by the collision with the truck. If Mrs. Otto’s car had indeed been struck from the rear with sufficient force to push the ear into the opposite lane of traffic, it would appear that damage to the rear of the Toyota would have been more extensive than the degree of damage depicted in the photographs. Furthermore, Mrs. Otto’s assertion that she fainted is unexplained. She introduced no medical testimony showing that she has a propensity to faint, and it *711 is doubtful that a slight tap from the rear, which is all Mrs. Otto testified she received, would be sufficient to cause her to lose consciousness. Mrs. Otto introduced no eyewitness testimony other than her own that would tend to show she was tapped from the rear, and the witnesses who testified that they were present at the collision with the truck denied having seen any prior tapping or other accident involving the Toyota.
Mrs. Otto seeks to have the case remanded to permit the introduction of allegedly newly-discovered evidence in the form of a statement by Rivet given immediately after the accident in which he stated that Mrs. Otto veered into his lane of traffic, and struck the truck on the shoulder. This verbal assertion merely corroborates Rivet’s testimony in deposition. It is true that an arrow drawn by Rivet in a diagram shows Mrs. Otto’s path of travel to have been almost at a forty-five degree angle off the highway toward the truck. However, lay diagrams of accidents are often not entirely precise, and the verbal account of the accident given in the statement does not conflict with Rivet’s deposition. Furthermore, even if the diagram accurately depicts the accident, still the introduction of the statement into the record would not cure the basic defect in Mrs. Otto’s presentation of her case; her failure to prove that she was struck from the rear. Only if Mrs. Otto were struck in the rear would State Farm, her uninsured motorist insurer be liable.
Mrs. Otto has failed to prove by a preponderance of the evidence that she was struck from the rear by a vehicle, known or unknown. We cannot say that the trial court was clearly wrong or guilty of manifest error in concluding that she had not been struck from the rear but was attempting to pass. It is apparent that the manifest error rule applies. Canter v. Koehring Company, supra; Arceneaux v. Domingue, supra.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.